RHODE ISLAND HOSPITAL TRUST CO., TR. *vs.* PROVIDENCE COUNTY COURT HOUSE COMMISSION.

CHARLES MORRIS ADDISON *vs.* SAME.

GRACIE KING RICHARDS *et al. vs.* SAME.

JOSEPH HYDE *et al. vs.* SAME.

NELLY BECKWITH FOX *vs.* SAME.

APRIL 1, 1932.

PRESENT: Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J.   These are petitions to assess damages for the taking, by right of eminent domain, of a small parcel of land and building thereon situated at the corner of South Water and College streets in the city of Providence.   These petitions were consolidated for trial with petitions of a lessee of the land, who owned the building thereon, and of two subtenants who occupied portions of the building under leases for terms of years.   The jury found that the total value of the real estate was $60,000.   Of this sum $43,000 was awarded to the owners of the land, $12,500 to the lessee of the land, who was the owner of the building, and $4,500 to the subtenants.   The main leaseholder and the subtenants accepted the amounts awarded to them respectively; but the owners of the land contending that the

jury overvalued the leasehold interest to the detriment of themselves, have brought the case to this court; and their petition is before us on their exceptions as follows: To the admission, exclusion of, and refusal to strike out testimony; to instructions to the jury; to the refusal to instruct as requested; to the vacating of a stay of the executions in favor of the other petitions and to the denial of the motions for a new trial.

The case was submitted to the jury with instructions to ascertain, first, the value of the entire property; second, the value of the leasehold interest, including such value as the building had standing upon leased land, and to subtract the amount of the second finding from the amount of the first and thereby obtain the amount of damage which the landowners were entitled to recover. As we have above stated, the landowners contend that the jury placed an excessive value upon the leasehold interest with the result that their share of the total amount was correspondingly diminished.

The question, primarily, is not whether the leasehold interest was fixed too high, but whether the award to the landowners is grossly inadequate. They urge with some force that none of the expert witnesses—except one, whose testimony they attempted to disparage,—placed the value of the leasehold interest as high as $17,000, the total of the amounts awarded to the lessee and sublessees. However, the jury were not required to accept the opinion of the experts; they had before them evidence as to the amount of the ground rent and other expenses, and the amount of income, actual and potential, from the building, and it was their duty to consider these figures in connection with the estimates of value made by the experts. *Barry* v. *Kettelle*, 49 R. I. 50; 38 Cyc. 1736, 1737. The trial justice believed that the jury were warranted in fixing values as they did, and, after carefully considering all of the evidence, we are unable to say that the findings are unsupported by the evidence. The lease was perpetual. It contained a provision

for the adjustment of rent by appraisal—if the parties could not agree—at the end of each ten years. The owners could avoid the lease only by purchasing the building at its appraised value. On the other hand, if the amount received as ground rent is any criterion, $43,000 is a liberal award. The annual ground rent, as fixed by agreement in 1925, was $1,500, less than 4% income upon the amount awarded. For the forty years preceding 1925 the rent was $1,200. From 1875 to 1885 it was $1,700 and it was conceded that the business center was farther away from this land than when the rent was higher.

Exception 32 was taken to a ruling excluding an answer to the following question: "Mr. Walker, can you tell us when the so-called Whitten plan was adopted by the City Council which I understand affected this section?"

It does not appear that the Whitten plan for relocating and widening streets ever had impetus sufficient to affect land values.

A large number of exceptions were taken to rulings excluding testimony to the effect that as soon as the legislature authorized the condemnation of the land in question the market value, by reason thereof, increased.

The rule is that the owner of land taken by right of eminent domain is not entitled to recover any increase in the value of this land, due to the fact that the land was known to be within the area designated for condemnation and was certain to be taken. Nichols on Eminent Domain, 2nd Ed., § 221. *Smith* v. *Commonwealth,* 210 Mass. 259. See also *In re State House Commission,* 19 R. I. 390; *Stafford* v. *City of Providence,* 10 R. I. 567.

Several exceptions were taken to the exclusion of testimony to the effect that the small tract of land in question could be used in connection with two other small tracts for the erection of a building covering all three parcels.

First of all it should be remembered that the land in question is encumbered with a perpetual lease to avoid which it would have been necessary at the end of one of the

ten year periods to purchase the building at its appraised value. At the time of condemnation the lease at the present rental had more than six and one-fourth years to run. It was necessary to take these facts into consideration in determining the desirability of using the land in connection with other parcels for the erection of a new building upon the whole. However, it does not appear that the landowners were prejudiced by these rulings as they were later permitted to show that the land could be used in connection with the other two parcels for the erection of a building covering the three parcels. Nearly all of the experts, including those of the respondent, testified that they took such possible use into consideration in placing a value upon the land in question.

Exceptions 27, 28, 57, 59 and 67 involve the testimony of John R. Cottam who was called as an expert by the main lessee. The witness placed a much higher value upon the leasehold interest of the main lessee than did any of the other experts. We find no error in the cross-examination of this witness by respondent's counsel. It must be admitted that there was at times some confusion as to whether the witness was testifying to the replacement value of the building or to the value of the leasehold interest including the building standing upon leased land. However, the trial justice called the testimony to the attention of the jury, clearly and correctly instructed them upon this point, and warned them to disregard such part of the witness' testimony as placed a value upon the building apart from the lease. Exception 59 was taken to the refusal to charge as requested upon this point. The instruction was not given in the language of the requests but the substance of the requests was embodied in the charge. This was all that the landowners were entitled to demand.

Several exceptions were taken to rulings excluding evidence which was later admitted. The landowners were not prejudiced by such rulings. Even if the rulings were erroneous they do not constitute reversible error. *Barber* v.

*James,* 18 R. I. 798; *Bryan* v. *National Life Ins. Ass'n,* 21 R. I. 149; *Boston Foundry Co.* v. *Whiteman,* 31 R. I. 88.

The exceptions not specifically referred to, either singly or in a group, have been considered and found to be without merit.

All exceptions of the petitioners are overruled and each case is remitted to the Superior Court for the entry of judgment on the verdict.

*Tillinghast & Collins, James C. Collins, Harold E: Staples,* for petitioners.

*Benjamin M. McLyman, Attorney General; Oscar L. Heltzen,* for respondents.